UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEROME A. MILIAN, JR.,

    Petitioner,

v.   CAUSE NO. 3:20-CV-79 DRL-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Jerome A. Milian, Jr., a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-19-9-388) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of battery in violation of Indiana Department of Correction Offense 102. Following a disciplinary hearing, he was sanctioned with a loss of ninety days earned credit time and a demotion in credit class

Mr. Milian argues that he is entitled to habeas relief because the hearing officer did not have sufficient evidence to support a finding of guilt. He contends that he did not use a weapon; that no one was hurt; and that the video recording merely showed him moving away from other inmates fighting.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

Departmental policy defines Offense 201 as "knowingly or intentionally touching another person in a rude, insolent, or angry manner." ECF 8-10 at 1. It does not include the use of a weapon or injury to another person as elements of the offense. *Id.* The administrative record includes a conduct report in which a correctional officer represented that he identified Mr. Milian striking other inmates on a video surveillance recording. ECF 8-1. It also includes a video surveillance recording and screenshots from that recording that are consistent with the conduct report. ECF 10, ECF 11, ECF 13. The conduct report, the video surveillance recording, and the screenshots constitute some evidence that Mr. Milian committed battery as defined by departmental policy. Therefore, the claim that the hearing officer did not have sufficient evidence to find Mr. Milian guilty of battery is not a basis for habeas relief.

Mr. Milian also argues that he is entitled to habeas relief because correctional staff did not notify him within twenty-four hours of the disciplinary hearing. To satisfy procedural due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). This notice must be given no less than twenty-four hours before the hearing. *Id.* On September 17, 2019, Mr. Milian received the conduct report. ECF 8-1. The disciplinary hearing took place two weeks later on October 3, 3019. ECF 8-5. Because Mr. Milian received adequate notice of the charges before the hearing, this claim is not a basis for habeas relief.

Because Mr. Milian has not asserted a valid claim for habeas relief, the habeas petition is denied. If Mr. Milian wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Jerome A. Milian, Jr., leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

May 27, 2021                                    *s/ Damon R. Leichty*
                                                Judge, United States District Court